# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEALE MONTEREY ENTERPRISES, INC., | Case No.: 1:15-cv-00264 LJO JLT |
| Plaintiff, | ORDER TO PLAINTIFF TO FILE AFFIDAVITS |
| v. | |
| UNITED STATES DISTRICT COURT, | ORDER STAYING CASE |
| Defendant. | |

In this case, Plaintiff alleges the United States District Court was erroneously listed as a beneficiary on a Deed of Trust. (Doc. 1 at 1, 6)  Plaintiff explains that the Deed of Trust, issued in 2008, was intended to secure a $750,000 promissory note to Kamalpreet Sidhu and Amarit Kaur. Id. at 2.  Plaintiff alleges that when the Notary Public was preparing the document, she used a software program, normally used to draft property bonds for bail purposes, which automatically added the United States District Court as a beneficiary.  Id.  Recently, in the course of selling the real property, the escrow company discovered the beneficial interest of the Court.  Id.

The complaint alleges that counsel has contacted the Clerk of the Court and the United States Attorney in this District but neither office would assist. (Doc. 1 at 3) Notably, the Clerk of the Court of the Eastern District of California has conducted an investigation and found no one in that office who received the contact described in the complaint.  Moreover, the "Full Reconveyance" attached to the complaint is prepared for the signature of "Richard W. Wieking, Clerk, United States District

1

Court for the Northern District of California." (Doc. 1 at 13) Of course, Mr. Wieking *is*, the Clerk of the Court for the Northern District and has *absolutely no connection* to the Clerk of the Court of this District. Thus, it appears that counsel may have inadvertently contacted the Northern District, rather than the Eastern District, when seeking the reconveyance. In any event, the complaint is not verified and there is no evidence to support that the Court is not properly a beneficiary of the Deed of Trust.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. **Within 30 days**, Plaintiff **SHALL** file a sworn declaration from Notary Public, Yesenia Castillo, explaining how the United States District Court came to be named as a beneficiary of the Deed of Trust at issue;

2. **Within 30 days**, Kamalpreet Sidhu and Amarit Kaur **SHALL** file sworn declarations explaining how the United States District Court came to be named as a beneficiary of the Deed of Trust at issue and, if correct, denying that the property was ever posted by them in connection with a property bond to secure the release from custody of any criminal defendant;

3. The case is **STAYED** until further order of the Court.

IT IS SO ORDERED.

Dated:   **February 25, 2015**                    **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE